## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

RONALD L. LANE and VANESSA R. LANE,

               Plaintiffs,

v.                                              Case No:  6:13-cv-259-Orl-36TBS

GUARANTY BANK, BAC HOME LOANS
SERVICING, L.P. and ANY AND ALL
UNKNOWN PARTIES CLAIMING BY,
THROUGH UNDER AND AGAINST THE
HEREIN NAMED INDIVIDUAL
DEFENDANT(S) WHO ARE NOT KNOWN TO
BE DEAD OR ALIVE, WHETHER SAID
UNKNOWN PARTIES MAY CLAIM AN
INTEREST AS,

               Defendants.

_____/

## <u>ORDER</u>

      This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Thomas B. Smith on April 5, 2013 (Doc. 13).   In the Report and Recommendation, Judge Smith recommends that the Court grant *pro se* Plaintiffs' Ronald L. Lane and Vanessa R. Lane ("Plaintiffs") Motion to Remand to State Court (Doc. 8) ("Motion to Remand") and deny Plaintiffs' request for attorney's fees.  Doc. 13, p. 7.   On April 19, 2013, Defendants BAC Home Loan Servicing, L.P. n/k/a Bank of America, N.A. ("BANA") filed an Objection to the Report and Recommendation ("Objection") (Doc. 16).   The Report and Recommendation is ripe for review.

## I.    <u>BACKGROUND</u> [1]

---

[1] As neither party objects to Magistrate Smith's finding of facts, the relevant background facts are taken from the Report and Recommendation. *See* Doc. 13.

Plaintiffs filed a Verified Complaint to Quiet Title in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida.  Doc. 2.  Plaintiffs allege ownership and possession of property located in Lake Mary, Florida ("Property") which is encumbered by a mortgage ("Mortgage") originally in favor of Defendant Guaranty Bank, but later assigned to BANA.  *See* Doc. 1-Exs. 2-3.  Plaintiffs attached documentation to their Complaint, including: (1) a Corporate Warranty Deed conveying the Property from Barclay Partners, LLC to Plaintiffs (Doc. 1-Ex. 2, p. 1); (2) the Mortgage, signed by Plaintiffs (*Id.* at pp. 2-26); (3) a notice to Guaranty Bank to cease and desist collection activities prior to validation of purported debt, stating that Plaintiffs are unaware of any contract between the parties, and requesting that Guaranty Bank release Plaintiffs from the Mortgage or provide validation of the debt (*Id.* at 27-84); (4) an assignment of the Mortgage from Guaranty Bank to BANA (Doc. 1-Ex. 3, p. 1); and (5) a notice to BANA to cease and desist collection activities prior to validation of purported debt, stating that Plaintiffs are unaware of any contract between the parties, and requesting that BANA release Plaintiffs from the Mortgage or provide validation of the debt (*Id.* at 2-59).  The Mortgage states that it secures a payment of $115,000.  Doc. 13, p. 2.  Plaintiffs allege that they have repeatedly demanded that Defendants prove the existence of any loan.  *Id.*, *see* Doc. 2, ¶¶ 6, 14.  Plaintiffs have also demanded that Defendants satisfy and release the Mortgage, but they have not complied.  Doc. 2, ¶¶ 8-9, 15-16

On February 15, 2013, BANA removed this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2]  Doc. 1.  In its Notice of Removal, BANA asserts that Plaintiffs' claim satisfies the amount in controversy requirement because the amount of the mortgage is $115,000.  *Id.* at pp. 23-24.  On March 18, 2013, Plaintiffs filed their Motion to Remand, arguing that

---

[2] The Parties do not dispute that this suit is between parties of different states.

BANA has not shown that the amount in controversy exceeds $75,000. Doc. 8. In its Response, BANA provided a copy of Plaintiffs' payment history, showing that the principal balance due on the loan is $114,750. *See* Doc. 12.

If Plaintiffs' Motion to Remand is granted, they request attorneys' fees pursuant to 28 U.S.C. § 1447(c).

In his Report and Recommendation, Magistrate Judge Smith found that BANA had not shown by a preponderance of the evidence that the amount in controversy exceeded $75,000. Doc. 13, pp. 5-7. Judge Smith explained that the value of the mortgaged property, the amount of debt the mortgage secures, the priority of the mortgage, and any laws or ordinances affecting its enforceability are factors the Court might consider in deciding a motion to remand in this situation. *Id.* at 5 (citing *Lyle v. Suntrust Mortgages, Inc.*, Case No. 6:13-cv-150, Doc. 21)). Accordingly, Judge Smith recommended that the Court grant Plaintiffs' Motion for Remand (Doc. 8), but deny their request for attorneys' fees, since Plaintiffs are proceeding *pro se* and have not shown that they incurred any attorneys' fees in connection with this action. *Id.* at 5-7.

On April 19, 2013, BANA filed an Objection to the Report and Recommendation (Doc. 16), and a Declaration of Ocwen Loan Servicing, LLC ("OLS") (Doc. 15) ("Ocwen Dec.").

## II.    STANDARD OF REVIEW

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Bd. of Educ. of State of Georgia,* 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72(b)(3). The district judge may

3

also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id.*

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which such action is pending, provided that the district court has jurisdiction. 28 U.S.C. § 1441(a). Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of proving proper federal jurisdiction. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "Where a plaintiff fails to specify the total amount of damages demanded . . . a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Id.* "To determine whether this standard is met, a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. . . . If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (internal citations and quotations omitted). In assessing whether removal is proper, the Court may consider "only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendant[ ] nor the court may speculate in an attempt to make up for the notice's failings." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1214–15 (11th Cir. 2007). "[R]emoval statutes are construed narrowly; where plaintiff and

defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Williams v. AFC Enterprises, Inc.*, 389 F.3d 1185, 1189 (11th Cir. 2004) (quotations omitted).

## III.    ANALYSIS

As it is undisputed that there is complete diversity among the parties, the only issue before this Court is whether Defendants have satisfied their burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See* Doc. 13, p. 3; *Leonard*, 279 F.3d at 972.

In actions seeking declaratory relief, such as Plaintiffs' quiet title claim, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elec., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997). "The Eleventh Circuit has expressly adopted the 'plaintiff-viewpoint rule,' which requires the court to measure the object of the litigation solely from the plaintiff's perspective. Therefore, where a plaintiff claims injunctive or declaratory relief, the value of that relief for the purposes of satisfying the amount in controversy requirement is the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted." *Siewak v. AmSouth Bank*, No. 8:06-cv-927, 2006 WL 3391222, at *3 (M.D. Fla. Nov. 22, 2006).

Here, Plaintiffs seek an order quieting title to the Property and canceling the Mortgage. Doc. 2, p. 6. If the Court were to grant Plaintiffs' request, the monetary benefit to Plaintiffs is that the Mortgages would no longer be enforceable against Defendants and that Plaintiffs would own the Property free and clear of any clouds on their title. Thus, the amounts payable under the Mortgage and the value of the Property are relevant to a determination of the amount in controversy. *See, e.g.*, *Prop. Choice Group, Inc. v. LaSalle Bank Nat'l Ass'n*, No. 8:12-cv-1042, 2012 WL 2568138, at *1 (M.D. Fla. 2012) (holding that the value of the mortgage at issue in a

quiet title action determines the amount in controversy); *Ra'oof v. U.S. Bank*, No. 1:10-cv-3347-RWS, 2010 WL 4975496, at *1 (N.D. Ga. 2010) (holding that the value of the property that the plaintiff seeks to protect in a quiet title action determines the amount in controversy); *Diversified Mortgage, Inc. v. Merscorp, Inc.*, No. 8:09-cv-2497, 2010 WL 1793632, at *2 (M.D. Fla. 2010) (holding that the face value of the mortgages determines the amount in controversy). Indeed, these Plaintiffs sued the same Defendants on the same day as the instant action, to quiet title on a different parcel of property. *See Ronald L. Lane, Jr. and Vanessa R. Lane v. Guaranty Bank et al.,* No. 6:13-cv-00085-GS-DAB (Doc. 1) (M.D. Fla. 2013). In that case, the face value of the mortgage and outstanding amount of debt owed was found to be sufficient to prove the jurisdictional amount. *See Ronald L. Lane, Jr. and Vanessa R. Lane v. Guaranty Bank et al.,* No. 6:13-cv-00085-GS-DAB (Docs. 1,14) (M.D. Fla. 2013).

In *Cuevas v. SunTrust Mortgage, Inc.*, No. 6:13-cv-147, 2013 WL 1452031 (M.D. Fla. 2013), this Court addressed the sufficiency of evidence offered to prove the amount in controversy in a quiet title action. In that case, plaintiffs filed an action in state court to quiet title and invalidate the mortgage on the real property that served as their primary residence. *Cuevas*, Doc. 15. The defendant removed the case to federal court on the basis of diversity jurisdiction. *Id*. The plaintiffs filed a motion to remand, arguing that the amount in controversy requirement had not been met. *Id*. In response, the defendant pointed to a copy of the mortgage attached to the complaint, which stated that the plaintiffs owed the defendant $255,000 plus interest. *Id*. The defendant also submitted a five-year-old appraisal of the property with its response to the motion to remand, which valued the property at $330,000. *Id*. The Court, adopting the Report and Recommendation of Magistrate Judge Baker, held that the mortgage and

the appraisal were sufficient to prove, by a preponderance of the evidence, that the amount in controversy exceeded $75,000. *Cuevas*, 2013 WL 1452031, at *1.

As in *Cuevas*, here, BANA has offered evidence regarding the amount of the Mortgage and principal balance due on the loan. The Mortgage, submitted with Plaintiffs' Complaint and BANA's Notice of Removal, secures the payment of $115,000. Doc. 2, ¶ 4; Doc. 1-Ex. 2, p. 3. In its Response to Plaintiffs' Motion to Remand, BANA has provided Plaintiffs' payment history, indicating that the principal balance still due on the loan is $114,750. Doc. 12, pp. 10-14. In addition, BANA submitted evidence of the fair market value of the Property with its Objection to the Report and Recommendation. However, because BANA did not provide evidence of the fair market value of the Property at the time of its Notice of Removal, the Court need not consider this evidence in determining the amount in controversy. [3] *See Lowery,* 483 F.3d at 1214-15.

Consistent with *Cuevas*, the Court finds that the Mortgage and the OLS Buyer's Price Opinion are sufficient to satisfy BANA's burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Therefore, given the information presently before the Court, it will decline to follow the Report and Recommendation of the Magistrate Judge.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1.     The Report and Recommendation of the Magistrate Judge (Doc. 13) is **rejected in part and approved in part.** The Report and Recommendation is rejected to the

---

[3] Indeed, BANA did not provide evidence of the fair market value of the Property at the time of the Notice of Removal. Rather, BANA provided the valuation of Ocwen Loan Servicing, LLC ("OLS"), appraising the Property as being valued at $75,467.00 on November 16, 2012, in its Objection to the Report and Recommendation. *See* Ocwen Dec., ¶ 6. Accordingly, the Court need not consider this appraisal.

extent that it recommends granting the Motion to Remand.  The Report and Recommendation is approved to the extent that it recommends denying Plaintiffs' request for attorneys' fees.

2.    Plaintiffs' Motion to Remand to State Court (Doc. 8) is **DENIED**.  Plaintiffs' request for attorneys' fees is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 5, 2013.

Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
Unrepresented Parties
U.S. Magistrate Judge Thomas B. Smith