UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RONALD L. LANE and VANESSA R.
LANE,

       Plaintiffs,

v.                                      Case No:  6:13-cv-259-Orl-36TBS

GUARANTY BANK, BAC HOME LOANS
SERVICING, L.P. and ANY AND ALL
UNKNOWN PARTIES CLAIMING BY,
THROUGH UNDER AND AGAINST THE
HEREIN NAMED INDIVIDUAL
DEFENDANT(S) WHO ARE NOT
KNOWN TO BE DEAD OR ALIVE,
WHETHER SAID UNKNOWN PARTIES
MAY CLAIM AN INTEREST AS,

       Defendants.
_____

## ORDER

      Pending before the Court is Bank of America, N.A.'s Motion to Compel Discovery Responses.  (Doc. 37).  Plaintiffs have not filed a response, and the time to do so has passed.  (Docket).  For the reasons that follow, the Court will grant Defendant Bank of America, N.A. ("BOA")'s motion to the extent provided herein.

     **I.**    **Background**

      Pro se Plaintiffs Ronald and Vanessa Lane filed this claim in Circuit Court for the Eighteenth Judicial Circuit in and of Seminole County, Florida on December 7, 2012. (Doc. 2).  They seek to quiet title to the property located at 116 Becket Lane, Lake Mary, FL 32746 by canceling the mortgage encumbering the property and the assignment thereof.  (Id.).  BOA asserts ownership of the mortgage at issue.   (Doc. 37 at 3).

BOA served its First Set of Interrogatories and First Requests for Production on Plaintiffs on May 14, 2013.  (Id. at 4).  Plaintiffs have not responded to these requests, and BOA is seeking an order to compel Plaintiffs to respond, arguing that Plaintiffs have waived any objection they may have to the discovery.  (Doc. 37).

II.   Discussion

Rule 26(b)(1) permits parties to "obtain discovery regarding any  non-privileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  Fed. R. Civ. P. 26(b)(1).  There are, however, boundaries and the Court can limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C)(iii).

A party may serve on any party up to 25 written interrogatories, Fed. R. Civ. P. 33(a)(1), and may serve a request to produce documents that are within the opposing party's possession, custody or control.  Fed. R. Civ. P. 34(a)(1).   The recipient of interrogatories or a request to produce "must respond in writing within 30 days after being served.  Fed. R. Civ. P. 33(b)(2); 34(b)(2)(a)

"There is substantial legal precedent supporting the general rule that if a party fails to respond in writing within thirty days of being served with a request for production of documents, it is appropriate for the court to find that the party's objections are waived, unless the court finds good cause and excuses that failure."  Enron Corp. Savings Plan v. Hewitt Associates, L.L.C., 258 F.R.D. 149, 156 (S.D. Tex. 2009); see also Siddiq v. Saudi

Arabian Airlines Corp., No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485 *3 (M.D. Fla. Dec.
7, 2011) (stating that a party that does not assert objections to discovery within time
permitted by rule, stipulation, or court order waives objections and is precluded from
asserting objections in response to a motion to compel); Bank of Mongolia v. M & P
Global Financial Services, Inc., 258 F.R.D. 514, 518 (S.D.Fla. 2009) (stating that a
defendant who failed to timely object to Limu's document requests and failed to respond
to inquiries concerning the whereabouts of defendant's responses waived its objections);
Brenford Environmental Systtems, L.P. v. Pipeliners of Puerto Rico, Inc., 269 F.R.D. 143
(D.P.R. 2010) (stating that a responding party that fails to make a timely objection may be
found to have waived any objections);  Applied Systems, Inc. v. Northern Insurance Co.
of New York, No. 97 C 1565, 1997 WL 639235 *2 (N.D. Ill. Oct. 7, 1997) (stating that a
party's failure to raise a timely objection to discovery requests may constitute a waiver of
the objection, including the waiver of objections based upon privilege).

      Plaintiffs have not responded or objected to BOA's requests for discovery, and
more than 30 days have passed since BOA served its requests.  Consequently, they have
waved any objections they may have to the Interrogatories and Request for Production.
Although Plaintiffs have waived objections they might otherwise have had, the Court may
still deny a motion to compel when the discovery request exceeds the bounds of fair
discovery.  Siddiq, 2011 WL 6936485 *3 (citations omitted).  With that in mind, the Court
makes the following findings.

      Interrogatory #3

                  Identify all communications between you and any
            person relating to the validity or enforceability of any
            encumbrance of the Property or any portion thereof.

This request is overly broad and not tailored to lead to the discovery of admissible evidence.  To identify every "communication" between Plaintiffs and "any person" would cause undue burden on Plaintiff.  Accordingly, the Court **DENIES** BOA's motion to compel a response to Interrogatory #3.

Interrogatory # 14

> Identify all documents that evidence, support, or relate to your claims or defenses and which are not otherwise identified in your responses to these Interrogatories.  For each such document, provide a detailed explanation as to how the document evidences, supports, or relates to a specific claim or defense.

This Interrogatory is an overbroad "catch-all."  It is not Plaintiffs' responsibility to provide detailed explanations as to how documents support their claims.  Accordingly, the Court **DENIES** BOA's motion to compel a response to Interrogatory #14.

Interrogatory # 16

> List the name and Bar number of any attorney who has assisted you or has ghostwritten any legal documents for you in this case, including any papers filed or served in state or federal court.

This Interrogatory seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, the Court **DENIES** BOA's motion to compel a response to Interrogatory #16.

Request for Production #1

> All documents, including documents memorializing communications between any persons, that evidence or relate to any encumbrance on the Property of any portion thereof, including the Mortgage.

This Request is overly broad.  It would place an undue burden upon Plaintiffs to require them to produce every document memorializing any communications between any persons relating to the Property.  This request is not reasonably calculated to lead to

the discovery of admissible evidence, as it seeks a wide range of documents that potentially have little to do with the claim at hand.  Accordingly, the Court **DENIES** BOA's motion to compel a response to Request for Production #1

> Request for Production #2

> > All documents, including documents memorializing communications between any persons, the evidence or relate to the validity or enforceability of any encumbrance on the Property or any portion thereof.

For the reasons listed in the Court's discussion of Interrogatory #1 above, this Request is also improper.  Accordingly, the Court **DENIES** BOA's motion to compel a response to Request for Production #2.

> Request for Production #15

> > All documents that evidence, support, or relate to your claims or defense and which are not otherwise identified in your responses to these interrogatories.

This Request contains an obvious error in that it refers to documents identified in "these" interrogatories.  In addition, the Request is overly broad.  Accordingly, the Court **DENIES** BOA's motion to compel a response to Request for Production #15.

Now, the Court **GRANTS** Bank of America, N.A's Motion to Compel Discovery Responses (Doc. 37).  Within 14 days of the issuance of this Order, Plaintiffs shall:

(1) Answer in full and serve their answers to all of the Interrogatories except numbers 3, 14, and 16

(2) Produces all documents responsive to BOA's request for production, except numbers 1, 2, and 15;

If the Court grants a motion to compel, it must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the

motion. Fed. R. Civ. P. 37(a)(5)(A).  Exceptions occur if (1) the movant filed the motion before attempting in good faith to obtain the discovery without court action; (2) the opposing party's nondisclosure was substantially justified; or (3) other circumstances make an award of expenses unjust.  Id.  None of the exceptions are present here.  Within 14 days of the rendition of this Order, the parties shall agree upon the amount of attorney's fees and costs to award BOA or BOA may file a motion for fees and costs with the Court, following which Plaintiffs shall have 14 days to respond.

**DONE** and **ORDERED** in Orlando, Florida on August 7, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties