UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RONALD L. LANE and VANESSA R. LANE,

    Plaintiffs,

v.                                              Case No: 6:13-cv-259-Orl-36TBS

GUARANTY BANK, BAC HOME LOANS SERVICING, L.P. and ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH UNDER AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS,

    Defendants.

## ORDER

Pending before the Court is Bank of America, N.A.'s Motion for Award of Attorney's Fees Re Motion to Compel Discovery Responses (Doc. 37). (Doc. 52). Plaintiffs have not filed a response in opposition to the motion, and the time to do so has expired.

### I.    Background

Pro se Plaintiffs Ronald and Vanessa Lane filed this claim in the Circuit Court for the Eighteenth Judicial Circuit in and of Seminole County, Florida on December 7, 2012. (Doc. 2). They seek to quiet title to their property located at 116 Becket Lane, Lake Mary, FL 32746 by canceling the mortgage which encumbers the property and an assignment of the mortgage. (Id.). Defendant Bank of America, N.A. ("BOA") claims ownership of the mortgage. (Doc. 37 at 3).

BOA served its First Set of Interrogatories and First Requests for Production on Plaintiffs on May 14, 2013. (Id. at 4). Plaintiffs did not answer this discovery and on July 18, 2013, BOA filed a motion to compel responses. (Doc. 37). The Court granted in part and denied in part BOA's motion and found that it was entitled to an award of attorney fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). BOA seeks an award of $1,423.80 for legal expenses incurred in filing the motion to compel. (Doc. 52 at 3). In support of its motion, BOA has filed copies of: (1) an email to Plaintiffs, showing BOA's attempts at a 3.01(g) conference on the amount of fees; (2) an affidavit by BOA's counsel, Michael D. Starks, Esq., detailing the hours and rates of the attorneys involved; (3) an affidavit by attorney Gregory J. Johansen as to the reasonableness of BOA's fees; and (4) additional emails between the parties.

II.     Discussion

Because Defendants have not responded to the motion, the Court lacks the benefit of scrutiny and analysis from them. See Godoy v. New River Pizza, Inc., 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008) (noting that the adversarial process normally aids the Court in determining whether the amount of attorney's fees requested is reasonable.). In fact, Defendants' failure to defend against the motion raises an inference that it does not object to the relief sought. Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co., 527 F.Supp.2d 1355, 1371 (M.D. Fla. 2007) (citing Freshwater v. Shiver, No. 6:05-cv-756, 2005 WL 2077306 *2 (M.D. Fla. Aug. 29, 2005)). Nonetheless, the Court has a duty to ensure that the request for attorney's fees is reasonable. Id. (citing Hensley, 461 U.S. at 433-434). "The Court may use its own expertise and judgment to make an appropriate independent assessment of the value of the attorney's services." Chemische Fabrik

Budenheim KG v. Bavaria Corp. Intern., No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 * 5 (M.D. Fla. Jan. 6, 2010).

In the Eleventh Circuit, courts use the lodestar approach to determine reasonable attorney's fees. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. Id. at 1299. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The fee applicant can satisfy its burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l., No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 at *4 (M.D. Fla. Jan. 6, 2010). Once the Court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. Norman, 836 F.2d at 1302.

A. Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rates are in line with the prevailing market rates. Id. But, "the Court may use its own expertise and judgment to make an appropriate independent assessment of the value of the attorney's services." Chemische, 2010 WL 98991, at *4 (citing Norman, 836 F.2d at 1303); see also Perez v. Sanford-Orlando Kennel Club, Inc., et al., No. 6:05-cv-269-Orl-28KRS, 2009 WL 2500290, at *2 (M.D. Fla.

Aug. 14, 2009) ("It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees."). When determining whether a rate is reasonable the Court considers the following factors:

> 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

Bivins v. Wrap It Up, Inc., 380 F. App'x 888, 890 (11th Cir. 2010) (citing Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714 (5th Cir. 1974) overruled on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed. 2d 67 (1989)).

The hourly rates claimed by BOA are: $306 per hour for attorney Michael D. Starks; $225 per hour for staff attorney Taraneh Maloney; and $157.50 per hour for paralegal Laura Jones. (Doc. 52 at 12). In his affidavit, attorney Gregory J. Johansen attests to the reasonableness of these rates. Having considered the Johnson factors, including the experience of the attorneys, the location of their practice, the Court's knowledge of market rates in Central Florida, and the affidavit of Mr. Johansen, the Court finds the hourly rates sought to be objectively reasonable.

### B. Reasonable Hours Spent

Next, the Court must determine the number of hours reasonably expended by counsel. Prevailing attorneys "must exercise their own billing judgment to exclude any hours that are 'excessive, redundant, or otherwise unnecessary." Galdames v. N & D Inv. Corp., 432 F. App'x 801, 806 (11th Cir. 2011) (citations and inner quotations omitted).

Attorneys may only bill adversaries for the same hours they would bill a client. <u>Resolution Trust Corp. v. Hallmark Builders Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993). A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the Court adequately explains its reasons for doing so. <u>Galdames</u>, 432 F. App'x at 806 (citations omitted).

Attorney Michael D. Starks spent 3.8 hours litigating the motion to compel; staff attorney Taraneh Maloney spent .6 hours working on the motion; and paralegal Laura Jones spent .8 hours on the motion. (Doc. 52 at 12). The Court finds the documented hours were reasonable and necessary.

Accordingly, the Court **GRANTS** Bank of America, N.A's Motion for Award of Attorney's Fees Re Motion to Compel Discovery Responses (Doc. 37). Plaintiffs shall pay to BOA fees in the amount of **$1,423.80**.

**DONE** and **ORDERED** in Orlando, Florida on September 17, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties